# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CARLA W. FINLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. MC-12-S-00051-NE |
| | ) |
| **CARRINGTON MORTGAGE SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion by plaintiff, Carla W. Finley, to withdraw the reference of this action to the Bankruptcy Court.[1] Defendant, Carrington Mortgage Services, LLC, opposes the motion.[2] Plaintiff filed for Chapter 13 bankruptcy, *see* 11 U.S.C. § 1301 *et seq.*, in this district on April 9, 2008.[3] Three months later, on July 29, 2008, plaintiff filed an adversary complaint against defendant, alleging eleven causes of action against defendant.[4] Upon consideration,

---

[1] Doc. no. 1 (Motion to Withdraw Reference).

[2] Doc. no. 5 (Opposition to Motion to Withdraw Reference).

[3] Doc. no. 1-1 (Adversary Proceeding Complaint) ¶ 19; doc. no. 1-3 (Bankruptcy Proceeding Docket Sheet), at 1.

[4] Doc. no. 1-1 (Adversary Proceeding Complaint) ¶¶ 40-100; doc. no. 1-4 (Adversary Proceeding Docket Sheet). Plaintiff's eleven claims are: (1) violations of the automatic stay mandated by 11 U.S.C. § 362; (2) contempt for violations of 11 U.S.C. §§ 105, 362, 502, and 506; (3) improper and unauthorized fees acquired in violation of 11 U.S.C. §§ 362, 502, 506, and Bankruptcy Rule 2016; (4) common law torts and breaches of contract; (5) misapplication of mortgage payments in violation of 11 U.S.C. § 524; (6) false, deceptive, or misleading proof of claims; (7) unjust enrichment; (8) violation of Bankruptcy Rule 3001; (9) breach of deed of trust/mortgage, and breach of note; (10) objection to creditor's "Claim #1"; and (11) breach of

the motion to withdraw the reference will be denied.

## I.  DISCUSSION

A.   **The Withdraw Procedure and Timeliness**

Under 28 U.S.C. § 157, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a) (alteration supplied).  Moreover,

> [t]he district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on *timely* motion of any party, for cause shown.  The district court *shall*, on *timely* motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (alteration and emphases supplied).

Accordingly, § 157 creates two standards for withdrawal of a reference to the bankruptcy court: *i.e.*, *mandatory* withdrawal, "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce"; and *permissive* withdrawal "for cause shown."  *See, e.g., Abrahams v. Phill-Con Servs., LLC*, No. 10-0326, 2010 U.S. Dist. LEXIS 124379 at *4 (S.D. Ala. Nov. 23, 2010) (discussing mandatory withdrawal); *id.* at *11 (discussing permissive withdrawal).

---

confirmation order.  *See* doc. no. 1-1 (Adversary Proceeding Complaint) ¶¶ 40-100.

This court need not address those substantive standards, however, because the motion can be resolved on procedural grounds. As the statutory text makes clear, "[u]nder either type of withdrawal, the party [seeking withdrawal] must make a motion in a timely fashion." *In re TPI International Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998) (alterations supplied); *see also In re Securities Group 1980*, 98 B.R. 192, 194 (M.D. Fla. 1988) ("A threshold issue in application of § 157(d) is the timeliness of the motion to withdraw the reference.").

Although the statute does not define "timely," numerous courts have addressed the purpose and meaning of that term.

> "The reason for the timeliness requirement is to prevent parties from *forum shopping*, stalling, or otherwise engaging in obstructionist tactics." *In re Holcomb Health Care Services, LLC*, 329 B.R. 622, 645 (Bankr. M.D. Tenn. 2004); *In re Matter of Lissner Corp.*, 115 B.R. 604, 608-612 (N.D. Ill. 1990); *In re Giorgio*, 50 B.R. 327, 328-329 (D. R.I. 1985).

*In re Childs*, 342 B.R. 823, 828 (M.D. Ala. 2006) (emphasis supplied). "[T]he timeliness of a motion to withdraw must be measured by the stage of the proceedings in the bankruptcy court. *As a bankruptcy proceeding becomes more developed, complicated, and involved, a court is more likely to find a motion untimely*." *United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992) (internal citations omitted) (emphasis supplied).   While courts differ somewhat as to the exact amount of time that must elapse before a motion becomes untimely, their views vary only slightly.

3

*See In re Childs*, 342 B.R. at 828 (compiling cases).

Plaintiff filed her motion to withdraw the reference to bankruptcy with this court on January 6, 2012,[5] well over three years after initiating adversary proceedings against defendant in the bankruptcy court.[6] As defendant observes,[7] the parties engaged in extensive discovery, adjudicated a motion to dismiss,[8] and pursued their respective motions for summary judgment.[9] Moreover, plaintiff filed *four* motions for class certification with the bankruptcy court, the last of which came over a year and a half before she filed her motion to withdraw the reference.[10] Tellingly, plaintiff now attempts to justify her motion to withdraw the reference to that court on the ground that she is seeking class certification.[11]

Given the extent of the proceedings before the bankruptcy court,[12] plaintiff's protracted delay in filing her motion to withdraw reference, and plaintiff's apparent effort to shop for a more favorable forum in which to adjudicate her motion for class

---

[5] Doc. no. 1 (Motion to Withdraw Reference).

[6] *See* doc. no. 1-4 (Adversary Proceeding Docket Sheet), at 2.

[7] *See* doc. no. 5 (Opposition to Motion to Withdraw Reference), at 3 ¶ 9.

[8] *See* doc. no. 1-4 (Adversary Proceeding Docket Sheet), at 6-10.

[9] *Id.* at 14-19.

[10] *See id*. at 14 (Adversary Proceeding doc. no. 92, filed June 26, 2009), 18 (Adversary Proceeding doc. no. 119, filed Sept. 29, 2009), 19 (Adversary Proceeding doc. no. 124, filed Nov. 30, 2009), 26-27 (Adversary Proceeding doc. no. 168, filed Apr. 9, 2010).

[11] Doc. no. 1 (Motion to Withdraw Reference) ¶¶ 2-3.

[12] As of January 6, 2012, the record in the bankruptcy proceeding contained 158 documents, and the record in the adversary proceeding contained 198 documents. *See* doc. no. 1-3 (Bankruptcy Proceeding Docket Sheet); doc. no 1-4 (Adversary Proceeding Docket Sheet).

certification, the court concludes that her motion to withdraw the reference to bankruptcy is not timely. *See In re Price*, 2007 WL 2332536, at *3 (finding motion untimely when movant "engaged in nine months of pre-trial litigation in the bankruptcy court, including filing two answers with jury demands, a cross-claim, a counterclaim, two summary-judgment motions, and a dismissal motion, all before filing a motion to withdraw"); *Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (six month delay untimely); *Burger King Corp. v. B-K of Kansas, Inc.*, 64 B.R. 728, 730 (D. Kan. 1986) (ten months as the "outer limit" of timeliness); *cf. In re The VWE Group, Inc.*, 359 B.R. 441, 446-47 (S.D.N.Y. 2007) (four month delay not untimely when no indication of forum shopping).

**B.     Bankruptcy Jurisdiction after *Stern v. Marshall*, 131 S. Ct. 2594 (2011)**

Plaintiff's motion also includes an underdeveloped, one-paragraph argument that the bankruptcy court lacks the constitutional authority to adjudicate the class certification issue.

> 5.    Additionally, based on recent decisions of the U.S. Supreme Court, it does not appear that the bankruptcy court has constitutional authority to issue a final order on class certification. *See Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).[13]

Plaintiff marginally amplifies that "argument" in her reply brief, which was filed without seeking leave from this court to do so.

---

[13] Doc. no. 1 (Motion to Withdraw) ¶ 5 (citation formats altered for conformity).

First, she represents that, in the bankruptcy court's view, the bankruptcy court "lacked the constitutional authority to enter any orders as to class certification."[14] Plaintiff did not attach or cite any opinion, order, or other evidence of the bankruptcy court's alleged ruling.

Next, plaintiff concludes that *Stern* forbids the bankruptcy court from adjudicating the class certification issue.

> 6. . . . Indeed, the Supreme Court recognizes that while bankruptcy court may have statutory authority to adjudicate a case, it may not have the constitutional basis to do so.  *Stern*, 131 S. Ct. at 2608 ("Although we conclude that § 157(b)(2)(C) permits the Bankruptcy Court to enter final judgment on Vickie's counterclaim, Article III of the Constitution does not.")
>
> . . .
>
> 8. . . . *Stern* is clear that while a bankruptcy court might have the statutory authority to adjudicate a case or claim, it nonetheless may be unable to do so on constitutional grounds.
>
> 9. Such is the case at bar.  While the bankruptcy court has the statutory basis to adjudicate Ms. Finley's claims because they are core proceedings, the bankruptcy court is of the opinion that it does not have the constitutional authority to certify *any* class of debtors, even though the requirements of Rule 23 have been satisfied.[15]

Plaintiff does not cite or discuss any post-*Stern* decisions interpreting that case, nor undertake a detailed analysis of *Stern*'s application to the issue at hand.  Defendant

---

[14] Doc. no. 6 (Plaintiff's Reply Brief) ¶ 2; *see also id.* ¶¶ 6-7.

[15] *Id.* ¶¶ 6, 8-9 (emphases in original).

responds, in part, that *Stern* "did not concern a putative class," but instead

> stands simply for the proposition that the Bankruptcy Court is not constitutionally authorized to render a final judgment on *state law counterclaims* in a bankruptcy case after a trial on the merits. *Stern* certainly does not support an argument that a Motion to Withdraw Reference is due to be granted when class claims merely exist. Furthermore, . . . bankruptcy claims — not state law based claims — clearly predominate this action.[16]

Unfortunately, *Stern* has become the refuge for "strategic-minded defendants who have sought to use [it] to prolong and/or obfuscate litigation." *In re Kimball Hill, Inc.*, 480 B.R. 894, 898 (Bankr. N.D. Ill. 2012) (alteration supplied). It has developed into "the mantra of every litigant who, for strategic or tactical reasons, would rather litigate somewhere other than the bankruptcy court." *In re Ambac Financial Group, Inc.*, 457 B.R. 499, 308 (Bankr. S.D.N.Y. 2011).

In *Stern*, the Supreme Court held only that bankruptcy courts do not have constitutional authority under Article III to issue a final judgment on an unrelated state law counterclaim brought by a bankrupt against a creditor. *Stern*, 131 S. Ct. at 2600-01, 2608. *Stern* emphasized that its holding was a "narrow" one that "does not change all that much." *Id.* at 2620; *see also id.* (referring to the "one isolated respect" in which Congress exceeded Article III). Subsequent courts have taken that guidance to heart. *See, e.g., In re Lee*, No. 2:12-CV-10-FTM-29, 2012 WL 4512931, at *10 (M.D. Fla. Sept. 30, 2012); *In re Neves*, No. 11-24505-CIV, 2012 WL 1831717, at *2-

---

[16] Doc. no. 5 (Defendant's Response Brief) ¶ 11 (emphasis in original).

3 (S.D. Fla. May 17, 2012); *Sundale, Ltd. v. Florida Associates Capital Enterprises, LLC*, No. 11-20635-CIV, 2012 WL 488110, at *5 (S.D. Fla. Feb. 14, 2012) *aff'd sub nom. In re Sundale, Ltd.*, No. 12-11450, 2012 WL 5974125 (11th Cir. Nov. 29, 2012); *In re Miles*, 481 B.R. 832, 835 (Bankr. N.D. Ga. 2012); *In re Kimball*, 480 B.R. at 898-900.

*Stern* placed great importance upon the fact that the state law counterclaim had no relation to bankruptcy law, or other types of federal law. "The question is whether the action at issue stems from the bankruptcy itself[.]" *Id.* at 2618. The *Stern* counterclaim was "in no way derived from or dependent upon bankruptcy law; it is a state tort action that exists without regard to any bankruptcy proceeding." *Id.* In short, the case involved "a state law action independent of the federal bankruptcy law." *Id.* at 2611. As defendant observes, such is not the case here, at least insofar as the court can ascertain from the scant record before it. Upon review of handful of documents — including the initial complaint — provided by plaintiff in conjunction with her motion, it is clear that bankruptcy law predominates in this case: *i.e.*, the state law claims do *not* exist without regard to any bankruptcy proceeding. And to the extent that plaintiff intends to argue that "under *Stern*, a bankruptcy court only has jurisdiction to enter final judgment on federal bankruptcy law claims[,] and no[t] state law claims . . . the Supreme Court made no such distinction." *In re Sundale, Ltd.*, No.

8

12-11450, 2012 WL 5974125, at *4 (11th Cir. Nov. 29, 2012) (per curiam).

Moreover, a motion to withdraw the reference to bankruptcy is not the proper procedure at this juncture, *even assuming* the bankruptcy court lacks constitutional authority to issue a final judgment. "Nothing in the *Stern* decision, or any other decision, has limited the ability of bankruptcy courts to issue reports and recommendations in all matters that have been properly referred to the bankruptcy court." *In re Palm Beach Finance Partners, L.P.*, No. 12-80269-CIV, 2012 WL 2504009, at *2 (S.D. Fla. June 28, 2012). The decision of the Southern District of Florida in the *Palm Beach* case offered a thorough analysis of the relationship between *Stern* and motions to withdraw the reference to bankruptcy.

> The Court finds the decision of the Southern District of New York in *In re Extended Stay, Inc.*, 466 B.R. 188 (2011), to be persuasive here. That decision provided:
>
>> In holding that *Stern* does not mandate withdrawal of these five actions, I do not reach the issue of how *Stern* applies to each of the 125 claims at issue. The bankruptcy court is capable of making that determination initially, subject to *de novo* review by this Court. In the event that the bankruptcy court does not have constitutional authority to enter a final judgment on certain claims, it may submit proposed findings of fact and conclusions of law to this Court. Withdrawing the reference simply due to the uncertainty caused by *Stern* is a *drastic remedy that would hamper judicial efficiency* on the basis of a *narrow* defect in the current statutory regime identified by *Stern*. Neither the Supreme Court nor most of the courts to consider *Stern* have given it the expansive effect advocated by plaintiffs.

> Accordingly, *Stern does not provide a basis independent of section 157(d) for mandatory withdrawal in these five actions*.
>
> *Id.* at 203. This Court agrees with the sound reasoning of the Southern District of New York. The Bankruptcy court can, and should, initially determine whether it has the constitutional authority to render a final judgment on a particular issue. The Court will review the specific legal question of constitutional authority *de novo*, and if the Court determines that the bankruptcy court erred in rendering a final judgment, it will simply treat the Court's "decision" as a report and recommendation.

*In re Palm Beach*, 2012 WL 2504009, at *3 (emphases supplied). This court sees no reason to depart from that practice.

## II.  CONCLUSION

For all of the reasons discussed above, the motion to withdraw the reference of this case to the Bankruptcy Court is DENIED. Plaintiff's motion for a status conference[17] is DENIED as MOOT. Costs are taxed to plaintiff. The clerk is directed to close this file.

DONE and ORDERED this 17th day of December, 2012.

/s/ Lynwood Smith
United States District Judge

---

[17] Doc. no. 3 (Motion for Status Conference).